IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUIS MUNUZURI HARRIS,

      Plaintiff,

v.                                                              CASE NO. 5:13-cv-203-MP-GRJ

FELICIA NOBLES, et al.,

      Defendants.

_____/

**ORDER AND
REPORT AND RECOMMENDATION**

      This case is before the Court on Doc. 36, a motion to dismiss filed by Defendant
Apalachee Correctional Institution (ACI) Warden Felicia Nobles.  Plaintiff, an inmate in
the custody of the Florida Department of Corrections, who is proceeding *pro se* in this
42 U.S.C. § 1983 case, was confined at ACI at the time the Complaint was filed.  He
has since been transferred to Columbia Correctional Institution.  Doc. 41.  Plaintiff is
proceeding pursuant to Doc. 13, a Second Amended Complaint ("Complaint").

      The allegations of the Complaint fall into the following categories:  (1) claims
regarding alleged staff misconduct and a hunger strike undertaken by Plaintiff at
Suwanee CI, where Plaintiff was confined prior to being transferred to ACI; (2) a claim
that Plaintiff should be transferred to a facility closer to his pre-incarceration residence;
(3) a claim that Defendant Nobles and the FDOC should be enjoined from providing
nonconsensual medical care and disregarding his Living Will and Do Not Resuscitate
directive; and (4) a claim that Defendant and FDOC employees should be enjoined
from subjecting Plaintiff to excessive force, administrative/disciplinary confinement, and

fabricated disciplinary reports, in retaliation for accessing the courts.  Doc. 13.

Because the main thrust of Plaintiff's Complaint and other pleadings pertain to his requests for injunctive relief concerning ACI, the allegations against Defendant Nobles were deemed sufficient to alert Defendant to the nature and basis of Plaintiff's claims, and accordingly service was ordered upon that Defendant.  *See* Docs. 13, 23. Although Plaintiff also named the Warden of Suwannee CI as a Defendant, he did not name any individual corrections officers at Suwannee as defendants, and the claims regarding Suwannee were deemed insufficiently connected with his claims regarding ACI to warrant service of process upon the Warden.  Further, the Court concluded that Plaintiff asserted no cognizable claims against the remaining named Defendants, who are DOC officials in the headquarters and regional offices, and therefore service of process was not ordered as to such defendants.  Doc. 24.

The Motion to Dismiss asserts that the Complaint should be dismissed for failure to exhaust administrative remedies before filing suit.  Doc. 36.  Plaintiff has filed a response in opposition to the Motion to Dismiss.  Doc. 47.  For the reasons discussed below, the undersigned concludes that Plaintiff failed to exhaust administrative remedies with respect to all but one claim (request for transfer) asserted in the Complaint.  As to the one exhausted claim, the Complaint fails to state a cognizable claim for relief under § 1983.  Further, any claims for injunctive relief with respect to ACI are moot because Plaintiff is no longer confined at that institution.  Accordingly, it is recommended that the Motion to Dismiss be granted and the Complaint dismissed in its entirety as to all claims and defendants.

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### B.  Exhaustion Requirement

The Prison Litigation Reform Act, 42, U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock,* 549 U.S. 199, 211 (2002)*.*

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside*, 541 F.3d 1077, 1082

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

(11th Cir. 2008).  The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true.  If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082.  If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

Defendant's motion and exhibits set forth uncontroverted facts showing that Plaintiff failed to exhaust his administrative remedies as to his claims in this case prior to filing suit, with the exception of his administrative grievance regarding his request for a transfer.  The events underlying the Complaint commenced in October 2012 while Plaintiff was confined at Suwannee.  Doc. 13.  This case was filed on May 24, 2013. Doc. 1.  Apart from the transfer request, Defendant's Grievance Log reflecting Central Office Administrative Remedy Appeals shows that the only other administrative grievance appeals that Plaintiff filed to the Office of the Secretary between August 2012 and the filing of the Complaint were as follows:  1) Grievance Log # 12-6-37561, filed November 27, 2012, regarding complaints of staff misconduct at Suwannee CI;  2) Grievance Log # 12-6-37562, filed November 27, 2012, regarding complaints of staff misconduct at Suwannee CI; and 3) Grievance Log # 13-6-04373, filed February 8, 2013, regarding alleged errors in charging medical co-payments.   Doc. 36 -1 (Exhibit A to Motion to Dismiss).

Plaintiff's Central Office grievances regarding complaints of staff misconduct at

Suwannee CI were returned without action because Plaintiff did not submit the grievances at the institutional level. *Id*. at 5, 9. Plaintiff was advised to resubmit the grievances at the institutional level, but he did not do so. *See id*. The Central Office grievance log does not reflect that Plaintiff pursued any grievance appeals stemming from nonconsensual medical care or the other claims in the Complaint prior to filing this case. *See* Doc. 36-1.

In his response in opposition to the Motion to Dismiss, Plaintiff states that he filed institutional grievances that are not reflected on the Central Office log. Doc. 39. Accepting this assertion as true, Plaintiff has nevertheless failed to show that he exhausted the administrative remedy process beyond the institutional level by filing a Central Office appeal as to the claims asserted in this case. *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

Plaintiff also conclusionally asserts in his response to the Motion to Dismiss that there are "well established exceptions to the exhaustion process," such as "constitutional claims," "futility," and "hardship." Doc. 39. The Eleventh Circuit has held that "a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement . . ." *Turner*, 541 F.3d at 1085. To qualify for this exception from the exhaustion requirement, two conditions must be met: "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievances process that the inmate failed to exhaust." *Id.* Defendant's Motion to

Dismiss and exhibits reflect that Plaintiff did successfully complete the administrative remedy process with respect to his transfer request during the same period that he now asserts exhaustion should be excused.  Docs. 36; 36-1.  Plaintiff's conclusional assertion falls far short of making any showing that an exception to the exhaustion requirement is available to him with respect to his other claims.

With respect to Plaintiff's properly exhausted claim that he should be transferred to a prison closer to his pre-incarceration residence, the law is settled that prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Clark v. Browers*, 2005 WL 1926088, at *3 (E.D.Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"); *see also Beltran v. Smith*, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion .").   Plaintiff's transfer request therefore fails to state a claim upon which relief may be granted under 42 U.S.C § 1983.

As a final matter, Plaintiff has filed a Motion for Clarification, Doc. 47, inquiring whether the Court's Order assessing the filing fee in this case would be rescinded if he voluntarily dismissed the case.  The Motion for Clarification, Doc. 47, is **GRANTED** only

to the extent that Plaintiff is informed of the following.  Pursuant to 28 U.S.C § 1915(b)

governing prisoner cases filed *in forma pauperis*, the Court "shall" assess the filing fee

and a prisoner "shall be required" to make monthly payments toward the fee if such

funds exist.  Accordingly, there is no basis for rescinding the Court's fee order in this

case.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

Motion to Dismiss, Doc. 36, be **GRANTED** and this case **DISMISSED WITHOUT**

**PREJUDICE** for failure to exhaust administrative remedies before filing suit.

IN CHAMBERS  this 16th day of July  2014.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**