IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUIS MUNUZURI HARRIS,

    Plaintiff,

v.                                                                      CASE NO. 5:13-cv-00203-MP-GRJ

FELICIA NOBLES, et al.,

    Defendants.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated July 16, 2014. (Doc. 48). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at Doc. 49. I have made a de novo review based on those objections. Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The undersigned, however, writes separately in light of the following considerations.

First, the Magistrate Judge recommends that this matter be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies before filing suit, as is required by 42 U.S.C. § 1997e(a). *See* Doc. 48 at 8. However, the Magistrate Judge also finds that Plaintiff properly exhausted his claim that he should be transferred to a prison closer to his pre-incarceration residence. *See id.* at 5, 7. The Magistrate Judge concludes that because prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of

their own choosing, Plaintiff's transfer request "fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983." *Id.* at 7. The undersigned agrees and this Order shall separately reflect this reason for the dismissal of this particular claim.

Second, in his objections to the Report and Recommendation, Plaintiff requests leave to amend his complaint. *See* Doc. 49 at 1. As a general matter, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. Of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend is futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall*, 367 F.3d at 1263). Here, Plaintiff presents no new facts, arguments, or evidence that would satisfy and/or otherwise remedy the deficiencies noted in the Magistrate Judge's Report and Recommendation. Thus, leave to amend must be denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (doc. 48) is adopted and incorporated by reference in this order.

2. Defendant's motion to dismiss (doc. 36) is GRANTED.

3. Concerning Plaintiff's claim that he should be transferred to a prison closer to his pre-incarceration residence, this claim is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. As to all other claims brought by Plaintiff, this case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies before filing suit, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

5. Plaintiff's request for leave to file an amended complaint (doc. 49) is DENIED.

**DONE AND ORDERED** this  *27th* day of August, 2014

                         *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge